**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| THE STATE OF LOUISIANA | * | CIVIL ACTION NO.: 6:24-cv-1422 |
| | * | |
| VERSUS | * | JUDGE DAVID C. JOSEPH |
| | * | |
| ALEJANDRO MAYORKAS, | * | MAG. JUDGE DAVID J. AYO |
| SECRETARY OF THE U.S. | * | |
| DEPARTMENT OF HOMELAND | * | |
| SECURITY IN HIS OFFICIAL | * | |
| CAPACITY, ET AL | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER TO COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes The GEO Group, Inc. ("GEO") sought to be named Defendant in the above matter, who, in Answer to the Complaint by the State of Louisiana avers:

**FIRST DEFENSE**

GEO has not been served with the Complaint and reserves all objections to service.

**SECOND DEFENSE**

GEO denies each and every allegation of the Complaint except as same may be specifically admitted below.

**1.– 5.**

The allegations of Paragraphs 1 - 5 require no response on behalf of GEO.

**6.**

The State should be held to its full burden of proving the entitlement to any relief against GEO in its capacity as facility manager of the Basile facility.  The remaining allegations of Paragraph 6 require no response on behalf of GEO.

**7.**

The allegations of Paragraph 7 require no response on the part of GEO.

**8.– 14.**

The allegations of Paragraphs 8 - 14 are denied for lack of sufficient information to justify a belief therein.

**15.**

Denied that South Louisiana ICE Processing Center is a legal entity susceptible to being sued.

**16.**

GEO admits the domiciliary allegations of Paragraph 16.  GEO admits that it operates and manages the Basile facility through a written agreement with ICE but places the State on its full burden of proving liability on the part of anyone by virtue of that agreement.

**17. – 20.**

The allegations of Paragraphs 17 - 20 are denied for lack of sufficient information to justify a belief therein.

**21. – 23.**

The allegations of Paragraphs 21 – 23 constitute conclusion of law and require no response on behalf of GEO.

**24.**

The allegations of Paragraph 24 require no response on behalf of GEO.

**25. – 30.**

The allegations of Paragraphs 25 - 30 are denied for lack of sufficient information to

justify a belief therein.

**31. – 35.**

The allegations of Paragraphs 31 – 35 are denied for lack of sufficient information to justify a belief therein.

**36.**

GEO admits that ICE transferred the Subject Detainee to the Basile facility on or about July 29, 2024.   To the extent this Paragraph alleges that GEO managed the Richwood Facility, that allegation is denied.   GEO admits that it managed the Basile facility.

**37.**

GEO admits the allegations of Paragraph 37, but notes that the release to general population was based on a medical clearance of a pulmonologist.

**38. –40.**

Upon information and belief, GEO admits the allegations of Paragraphs 38 – 40.

**41. – 46.**

The allegations of Paragraphs 41 – 46 are denied for lack of sufficient information to justify a belief therein.

**47.**

The allegations of Paragraph 47 refer to a written document and GEO places the State on its full burden of proving liability on the part of anyone as a result.   In further response, GEO avers that it has fully complied with the SHO Order.

**48.**

The allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

**49. – 57.**

The allegations of Paragraphs 49 – 57 require no response on the behalf of GEO.

**58. – 60.**

The allegations of Paragraphs 58 – 60 constitute conclusions of law and require no response on behalf of GEO.

**62. - 65**

The allegations of Paragraphs 62 – 65 constitute conclusions of law which require no response on behalf of GEO, but to the extent same may be deemed necessary the allegations are denied.

**66. - 85**

The allegations of Paragraphs 66 – 85 require no response on behalf of GEO.

## <u>THIRD DEFENSE</u>

GEO has at all times followed prudent protocols for the assessment and management of tuberculosis. GEO has fully complied with the State's SHO Order and has cooperated with the Louisiana Department of Health with regard to the circumstances at issue in this matter.

WHEREFORE, GEO prays that this answer be deemed good and sufficient and that the State be held to its full burden of proving entitlement to the relief sought.

Respectfully Submitted,

MAHTOOK & LAFLEUR, L.L.C.


/s/Kay A. Theunissen
ROBERT A. MAHTOOK, JR., #17034
KAY A. THEUNISSEN, #17448
KALISTE JOSEPH SALOOM, IV, #35996
CHASE A. WOESSNER #40211
600 Jefferson Street, Suite 1000 (70501)
Post Office Box 3089
Lafayette, Louisiana 70502-3089
TEL:   (337) 266-2189
FAX:   (337) 266-2303
Email:   rmahtook@mandllaw.com
Email:   ktheunissen@mandllaw.com
Email:   jsaloom@mandllaw.com
Email:   cwoessner@mandllaw.com
Attorneys for: The GEO Group, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been served on all known counsel of record in this proceeding by:

(   ) Hand Delivery                    (   ) Prepaid U.S. Mail

(   ) Facsimile                        (   ) Federal Express

( x ) Electronic Mail                  (   ) CM/ECF Court Filing System

Lafayette, Louisiana this 25th day of October 2024


/s/ Kay A. Theunissen
KAY A. THEUNISSEN