**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **STATE OF LOUISIANA** | **CIVIL DOCKET NO. 6:24-cv-01422** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ALEJANDRO MAYORKAS, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

At the undersigned's request, the assigned Magistrate Judge conducted status conferences on October 29, 2024 and October 30, 2024 to discuss and explore resolution of this matter based on the ongoing progress in testing and refinement of the number of detainees implicated by Louisiana Department of Health (LDH) testing requirements for drug-resistant tuberculosis. Further clarification of the number of affected detainees and the protocol for the medical clearance of said detainees has been brought to the Court's attention by counsel subsequent to the October 30, 2024 status conference.

Given the above developments, the undersigned's ongoing jury trial, ongoing negotiations and discussions among the parties, and the State's request to extend the October 17, 2024 Temporary Restraining Order [Doc. 7] during the October 30, 2024 status conference with the Magistrate Judge—which the Court construes as an oral motion to extend the Temporary Restraining Order—the Court **ORDERS** as follows:

The State's motion to extend is **GRANTED** such that the hearing on the State's Motion for Preliminary Injunction set for Thursday, October 31, 2024 is **CONTINUED** to **Wednesday, November 13, 2024 at 9:00 a.m.** in Courtroom 1 of the John M. Shaw United States Courthouse in Lafayette, Louisiana.

The Court finds good cause under FED. R. CIV. P. 65(b)(2) given the developments mentioned above and discussions during the status conferences to extend the Temporary Restraining Order and, for those reasons, **MODIFIES** and further limits the scope of the Temporary Restraining Order to now include only the following:

Any of the 211 blood-tested detainees at the Basile facility that may otherwise be eligible for release from ICE custody into Louisiana will remain quarantined by that private facility until medically cleared by the Louisiana Department of Health —which shall be accomplished by LDH in an efficient manner. This Order does not prevent ICE from removing any such detainee out of state to another ICE facility or out of country, provided that the detainee remains subject to an equal or greater level of monitoring, is subject to any required second round of testing, and the monitoring and testing results are provided to LDH to complete its investigation. This Order also does not prevent ICE from transporting any such detainee to a Louisiana health care facility because of a medical emergency or the need for adequate medical care, provided that ICE shall advise LDH of the specific precautions it has employed to ensure that such detainee does not pose a risk of infecting other persons.

The provision of the original Temporary Restraining Order [Doc. 7] requiring court approval for the release of any detainee will remain in effect only as to the aforementioned 211 detainees. Upon the filing of such a request, the Court will issue an Order permitting the State to respond and will rule promptly on any request.

This Temporary Restraining Order shall remain in effect until the conclusion of the hearing on the Motion for Preliminary Injunction as reset herein.

Representatives from the Department of Homeland Security, the Centers for Disease Control and Prevention, and the Louisiana Department of Health with full authority to bind said agencies with regard to the subject matter of this lawsuit **shall appear at the hearing as reset above**.

THUS, DONE AND SIGNED in Chambers at 4:15 p.m. (CDT) on this 30th day of October 2024.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE